DA 16-0249

FILED

12/28/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0249

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 322N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

FREDERICK THOMAS OFFENKRANTZ,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DC-15-297
                   Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Colin M. Stephens, Smith & Stephens, Missoula, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
            Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney, Mac Bloom, Deputy County
            Attorney, Missoula, Montana

                         Submitted on Briefs:  December 6, 2017

                                   Decided:  December 28, 2017

Filed:

                       _____
                                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2	Frederick Offenkrantz appeals the District Court's December 14, 2015 order denying his motion to dismiss and to suppress. We affirm.

¶3	In August 2013, a Montana Highway Patrol Trooper stopped Offenkrantz's vehicle on Interstate 90 near Rock Creek because the trailer he was pulling had a burned-out tail light. The Trooper asked Offenkrantz for his license and insurance information, noting that he exhibited "cotton mouthed" speech and he avoided eye contact. The Trooper gave Offenkrantz a warning for the tail light and told him he was free to go. At that point the Trooper detected an odor of alcohol from the vehicle and saw a beer can in the trailer.

¶4	The Trooper confirmed that the alcohol odor was coming from the vehicle and Offenkrantz admitted that he had a "lot to drink last night." He consented to a breath test and registered over the legal limit for alcohol. The State charged Offenkrantz with aggravated driving under the influence. He was convicted in Justice Court and appealed to District Court where his conviction was upheld.

¶5    On appeal to this Court, Offenkrantz contends that the Trooper who stopped his vehicle lacked particularized suspicion to investigate him for DUI after giving him a warning for the tail light. He also contends that he was not provided effective assistance of counsel in the proceedings below.

¶6    Upon the facts presented, we conclude that the Trooper had sufficient particularized suspicion to investigate Offenkrantz for DUI. There seems to be no dispute that the Trooper noted that Offenkrantz exhibited "thick speech," similar to what results from dehydration that often accompanies alcohol consumption; that Offenkrantz avoided making eye contact; that the Trooper smelled the odor of alcohol coming from the vehicle; and that there was a beer can in the trailer. Therefore, the Trooper's decision was based upon objective data arising from articulable facts, which was sufficient to allow the Trooper to conduct further investigation. *Brown v. State*, 2009 MT 64, ¶¶ 19-20, 349 Mont. 408, 203 P.3d 842. The District Court properly denied Offenkrantz's motion to suppress the evidence arising from the traffic stop.

¶7    Offenkrantz also contends that he was denied effective assistance of counsel in the proceedings below. After review of the parties' arguments, we determine that the record on appeal is not sufficient to allow this Court to decide the issue under established legal standards. *Whitlow v. State*, 2008 MT 140, 343 Mont. 90, 183 P.3d 861. We do so without prejudice to Offenkrantz's right to seek postconviction relief as provided in § 46-21-101, MCA.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9    Affirmed.

                                    /S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE